ALB:CPK
F. # 2018R01476

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LAURENCE BERUBE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 21 2018 ★
LONG ISLAND OFFICE

INFORMATION

Cr. No. CR 18 438
(T. 21, U.S.C., §§ 331(a), 333(a)(2),
334(a)(1), 352(a), 853(a) and 853(p);
T. 18, U.S.C., §§ 982(a)(7), 2 and
3551 et seq.)

AZRACK, J.

BROWN, M. J.

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information:

1. The United States Food and Drug Administration ("FDA") was an agency of the United States government responsible for enforcing the provisions of the Federal Food, Drug and Cosmetic Act ("FDCA"), Title 21, United States Code, Sections 301 et seq. The FDA's responsibilities included, among other things, regulating drugs shipped, delivered and received in interstate commerce.

2. The FDCA prohibited the introduction or delivery for introduction into interstate commerce of a drug that was misbranded, or causing thereof. 21 U.S.C. § 331(a).

3. The FDCA defined the term "drug" to mean, among other things, articles intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animals, and articles (other than food) intended to affect the structure or any function of the body of man or other animals. 21 U.S.C. § 321(g)(1).

4. A drug was deemed to be misbranded under the FDCA if its labeling was false or misleading in any particular. 21 U.S.C. § 352(a).

5. The FDCA defined the term "labeling" to mean all labels and other written, printed or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article. 21 U.S.C. § 321(m).

6. Clear Mountain Enterprises, Inc. ("CME") was a New York State corporation located in Mount Sinai, New York, that manufactured drugs called "ClomSolut," "IsoSolut," "LetroSolut," "SildenSolut" and "TadalSolut" (together, the "CME Products"). The CME products were labeled as bodybuilding supplements designed to enhance muscle development.

7. The defendant LAURENCE BERUBE was the owner and operator of the website "Researchstop.com," which sold CME Products that BERUBE received by mail in Florida from CME.

8. Based on the labeling on packages of the CME Products, the products were intended to be used to affect the structure or function of the human body, thereby rendering the CME Products "drugs" within the meaning of Title 21, United States Code, Section 321(g)(1)(B).

9. Labeling on packages of the CME products also falsely represented that the products were "not for human use" and did not have adequate directions for use, thereby rendering the products misbranded drugs within the meaning of Title 21, United States Code, Section 352(f).

10. On or about and between May 1, 2011 and June 1, 2017, the CME Products were introduced into interstate commerce to customers located throughout the United

States and in foreign countries by the defendant LAURENCE BERUBE, who realized proceeds from the sale of those products exceeding $500,000.

## INTRODUCTION OF MISBRANDED DRUGS INTO INTERSTATE COMMERCE

11. The allegations contained in paragraphs one through 10 are realleged and incorporated as if fully set forth in this paragraph.

12. On or about May 15, 2015, within the Eastern District of New York and elsewhere, the defendant LAURENCE BERUBE, together with others, did knowingly and intentionally introduce and cause to be introduced into interstate commerce, with the intent to defraud and mislead, one or more drugs that were misbranded, to wit: bottles of "ClomSolut," "IsoSolut," "LetroSolut," "SildenSolut" and "TadalSolut."

(Title 21, United States Code, Sections 331(a), 333(a)(2) and 352(a); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

13. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 334(a)(1), which requires any person convicted of such offense to forfeit any article of food, drug or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale after shipment in interstate commerce, and Title 18, United States Code, Section 982(a)(7) and Title 21, United States Code, Section 853(a), which require any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or

indirectly as the result of such offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 334(a)(1), 853(a) and 853(p); Title 18, United States Code, Section 982(a)(7))

 

*Richard P. Donoghue*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK